# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:99CR00007 |
| | ) | |
| | ) | **OPINION** |
| v. | ) | |
| | ) | By: James P. Jones |
| **DUDLEY KIM SMITH**, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

*Sharon Burnham, Assistant United States Attorney, Roanoke, Virginia, for United States; Dudley K. Smith, Pro Se Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.

I will overrule the government's objections.

The government, in its stock response, asks the court to reconsider information contained in the Presentence Investigation Report (in particular the conduct underlying the offense and the defendant's criminal history), to consider the fact that the defendant has been treated with "substantial leniency" because he has benefitted from a plea agreement, and to consider the defendant's behavior while incarcerated.

I find none of the government's boilerplate arguments persuasive. As I have explained on several prior occasions, *see, e.g.*, *United States v. Herndon*, No.

3:01CR00063, 2008 WL 750588 at *1 (W.D. Va. Mar. 19, 2008), the defendant's criminal background and the conduct underlying his offense are taken into consideration when calculating his Criminal History Category and Total Offense Level. The government has failed even to allege that the defendant's criminal history or danger to the public are not accurately conveyed by his Criminal History Category and Total Offense Level. Accordingly, I find that neither the conduct underlying the offense nor the defendant's criminal history is a bar to reducing his sentence.

The government next argues that the defendant has already received a lower sentence than he should have received because he benefitted from a plea agreement, and therefore his sentence should not be reduced. The government's argument, taken to its logical conclusion, boggles the mind. According to the government, if a defendant pleads guilty and accepts responsibility for his criminal behavior, his sentence should not be reduced because he has already benefitted from a plea agreement. In contrast, those defendants who put the government to its burden of proof at trial would deserve a reduction because they have not already benefitted from a plea agreement. To the extent that a plea agreement is relevant to whether a defendant's sentence should be reduced in accord with the amended sentencing guidelines, it cannot have the impact asserted by the government.

Finally, the government contends the defendant's behavior while incarcerated militates against a reduction in his sentence. The Chronological Disciplinary Report submitted by the government indicates that in the almost ten years that the defendant has been incarcerated, he has been sanctioned for one incident of nonviolent misconduct. I do not find his behavior while in prison sufficiently reprehensible to bar a reduction of his sentence.

A separate judgement will be entered.

Dated: June 11, 2008

/S/ JAMES P. JONES
Chief United States District Judge